IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAN MIGUEL PROPERTY, LLC, a
Delaware limited liability company,

    Plaintiff,

v.                                                  Cause No. 1:19-CV-00950-JHR/KK

OFFICE MAX NORTH AMERICA, INC.,
an Ohio corporation,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meet and confer was held on October 31, 2019 telephonically and was attended by:

Karl H. Sommer for the Plaintiff

Phillip Cheves for the Defendant

## NATURE OF THE CASE

This matter involves a breach of commercial lease claim.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff San Miguel Property, LLC ("Plaintiff") intends to file:

Plaintiff should be allowed until January 3, 2020, to move to amend the pleadings and until January 3, 2020, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant OfficeMax North America, Inc. ("Defendant") intends to file: None contemplated at this time.

Defendant should be allowed until February 7, 2020, to move to amend the pleadings and until February 7, 2020, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. The substantive law governing this case is the law of the State of New Mexico.

## PLAINTIFF'S CONTENTIONS

## DEFENDANT'S CONTENTIONS

Defendant did not breach any terms and conditions of the lease that was in effect between the parties. Accordingly, Defendant (1) generally denies Plaintiff's allegations and contentions; (2) denies there is any basis in fact or law pursuant to which it may be held liable for any acts, omissions, or claims alleged in the Plaintiff's Complaint; and (3) incorporates herein by reference all affirmative defenses set forth in its Answer to Plaintiff's Complaint. Defendant reserves the right to amend and supplement its contentions and file dispositive motions as may be warranted as the case progresses.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel." List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses**

**Plaintiff's Expert Witnesses**

**Plaintiff's Exhibits**

**Defendant's Witnesses:** The case is in the early stages and witnesses have not been identified as of the filing of the JSR. Presently, the witnesses the Defendant may call are the following:

1. Shirley Allen, Sr. Analyst – Facilities, Office Depot, Inc.: Ms. Allen may testify regarding the coordination and timing of the repair work performed at the property following the expiration of the lease, as well as Plaintiff's claims regarding necessary repairs and holdover rent.

2. Eugene Lu, in care of counsel, - Mr. Lu may testify regarding the expiration of the lease, the allegations regarding disrepair and holdover rent, and the damages alleged by Plaintiff in this matter.

3. Diane Lu, in care of counsel, - Ms. Lu may testify regarding the expiration of the lease, the allegations regarding disrepair and holdover rent, and the damages alleged by Plaintiff in this matter.

4. Caprice Pryor, SMS Assist LLC – Ms. Pryor may testify regarding the timing, coordination of, execution of, acceptance of, and cost of repair work performed at the property following the expiration of the lease.

5. Matthew Wilson, SMS Assist LLC – Mr. Wilson may testify regarding the timing, coordination of, execution of, acceptance of, and cost of repair work performed at the property following the expiration of the lease.

6. Representative(s) of Bass Security – may testify regarding work performed at the property following expiration of the lease and accessibility of various portions of the building at various points in time.

7. Representative(s) of Harrison Contracting Company – may testify regarding work performed at the property following expiration of the lease.

8. Representative(s) of Roth Bros., Inc./Sodexo (HVAC) – may testify regarding work performed at the property following expiration of the lease.

9. Representatives(s) of All American Facilities Maintenance – may testify regarding work performed at the property following expiration of the lease.

10. Any witness listed by Plaintiff in this action.

11. Any witnesses needed for authentication.

12. Any witness identified during discovery.

13. Any necessary foundational witnesses.

14. Any necessary rebuttal or impeachment witnesses.

The Defendant may supplement this list as discovery continues.

**Defendant may submit the following exhibits:**

1. All documents concerning the incident at issue, including the lease that was in effect between the parties.

2. All documents identified by any other parties.

3. All documents necessary for rebuttal purposes.

4. Defendant reserves the right to supplement this list as additional documents are identified in the course of discovery.

**Defendant may call the following expert witnesses:**

It is currently unknown whether Defendant will retain an expert witness but, if so, will do so by the Court's deadline.

Discovery will be needed on the following subjects:   Plaintiff's breach of lease claim, the alleged resulting damages, and Defendant's related fact-based defenses.

Maximum of 35 interrogatories by any party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by any party to any other party.  (Response due 30 days after service).

Maximum of 25 requests for production by any party to any other party.  (Response due 30 days after service).

Maximum of 8 depositions by each party, exclusive of expert witnesses.  The parties agree that each party must make all testifying experts available for deposition, notwithstanding the limitations set forth herein.

Each deposition (other than of parties and/or parties' representatives) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

> from Plaintiff by March 27, 2020

> from Defendants May 27, 2020

Supplementation under Rule 26(e) due forty-five (45) days prior to the close of discovery.

All discovery commenced in time to be complete by July 31, 2020.

Other Items:

## **PRETRIAL MOTIONS**

Plaintiff intends to file: None at this time

Defendant intends to file: Motion for Summary Judgment; appropriate Motions in Limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require five (5) days.

\_\_\_\_ This is a non-jury case.

 X   This is a jury case.

The parties request a pretrial conference in September 2020.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the completion of initial discovery to include written discovery and depositions of relevant parties.  The parties request a settlement conference prior to March 13, 2020.

## EXCEPTIONS

Defendant did not receive Plaintiff's portion of the JSR prior to filing.  Once Plaintiff's portions are received, Defendant will insert and file an amended JSR.

APPROVED

/s/ *Phillip W. Cheves*
BUTT THORNTON & BAEHR, P.C.
Phillip W. Cheves, Esq.
Jay J. Athey, Esq.
P.O. Box 3170
Albuquerque, NM 87190
Tel: (505) 884-0777
pwcheves@btblaw.com
jjathey@btblaw.com
**Attorneys for Defendant OfficeMax North America, Inc.**

  <u>*No response from Attorney for Plaintiff*</u>
Karl Sommer, Esq.
Sommer Karnes & Associates LLP
125 Lincoln Ave #221 87501-2053
P.O. Box 2476
Santa Fe, NM 87504-1479
Phone: 505-988-3800
Email:  khs@sommerkarnes.com
***Attorney for Plaintiff***